UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTELL JONES,

Plaintiff,
v.

BEDNARSKI, et. al.,

Defendants,
______________________________/

Civil Action No. 4:26-CV-13753
Honorable F. Kay Behm
United States District Judge

**OPINION AND ORDER SUMMARILY DISMISSING THE CIVIL RIGHTS COMPLAINT**

## I. Introduction

Before the Court is Plaintiff Martell Jones' *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently incarcerated at the Baraga Correctional Facility in Baraga, Michigan. The Court has reviewed the complaint and now **DISMISSES IT WITHOUT PREJUDICE FOR BEING DUPLICATIVE TO CASE No. 26-cv-13698.**

## II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the

offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## III. Complaint

Plaintiff alleges that at the time of the alleged incidents described in his complaint, he was incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. (ARF). Plaintiff alleges that the three named defendants along with other prison employees at ARF have a history of filing false and fabricated misconduct reports alleging sexual misconduct or threatening behavior against inmates, including Plaintiff. Plaintiff alleges these false misconducts are issued in retaliation for the inmates exercising their constitutional rights.

Plaintiff claims that at some point in 2023, Defendant Brighton entered his cell and groped Plaintiff's genitals in a sexual manner. Plaintiff filed a Prison Rape Elimination Act (PREA) complaint against Brighton.

Plaintiff alleges that in September of 2023, while he was taking a shower, Defendant O'Brien reached into the caged door of the shower and groped Plaintiff's genitals in a sexual manner. Plaintiff filed a PREA complaint against O'Brien.

Brighton and O'Brien informed Defendant Bednarski that Plaintiff had filed these complaints against him. In October of 2023, Bednarski went to Plaintiff's cell

and informed him that he had been designated to investigate these claims. Bednarski allegedly tried to coerce Plaintiff into retracting his claims. Bednarski threatened to break Plaintiff's jaw if he did not retract his complaints against Brighton and O'Brien. When Plaintiff refused to retract his complaints, Bednarski in a voice loud enough for other inmates to hear said that Plaintiff was the victim of sexual abuse and had filed PREA complaints. As he walked away, Bednarski stated that he was throwing away the PREA complaints and made a crude comment to Plaintiff suggesting that he should perform oral sex on Bednarski.

On October 7, 2023, while Plaintiff was showering, Bednarski peered into the shower area and made crude remarks about Plaintiff's buttocks. A few minutes later, Bednarski appeared at Plaintiff's cell and again asked him to sign off on the PREA complaints. Bednarski warned Plaintiff, "If you don't sign off these PREAs, you're gonna know what it feels like to be sexually assaulted by a man!" Bednarski made additional sexually crude comments and threatened Plaintiff with a sexual misconduct charge against him.

At some point, Brighton and O'Brien also warned Plaintiff that he would regret filing these PREA complaints against them.

Plaintiff claims that Bednarski subsequently filed a false Class I Misconduct charge against him, charging Plaintiff with sexual misconduct. Plaintiff alleges this was done in retaliation for Plaintiff filing the PREA complaints against Brighton and

O'Brien and for refusing Bednarski's request to retract them. Plaintiff claims he received 21 days loss of privileges (L.O.P.) and an increase in his security classification as a result of the misconduct charge.

Plaintiff has brought a similar lawsuit against these three defendants as well as other defendants where he alleges the same or similar acts of sexual assault, retaliation, false misconduct tickets, and denial of mental health treatment. That case remains pending before this Court. *Jones v. Peeks, et. al.*, No. 4:26-cv-13698 (E.D. Mich.).

**IV. Discussion**

Plaintiff's case must be dismissed without prejudice because it is duplicative of his pending lawsuit in Case No. 4:26-cv-13698.

As a general rule, when duplicative lawsuits are pending in separate federal courts, "the entire action should be decided by the court in which an action was first filed." *Smith v. S.E.C.*, 129 F. 3d 356, 361 (6th Cir. 1997). A duplicative suit is one in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Id.* The Sixth Circuit has held that a district court "has broad discretion in determining whether to dismiss litigation or abstain in order to avoid duplicative proceedings." *In re Camall Co.*, 16 F. App'x 403, 408 (6th Cir. 2001) (citing *In Re White Motor Credit*, 761 F.2d 270, 274–75 (6th Cir. 1985)). Indeed, "as part of its inherent power to administer its docket, a

district court may dismiss a suit that is duplicative of another federal court suit." *See Sanders v. Washington*, 582 F. Supp. 3d 543, 547 (W.D. Mich. 2022) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (additional internal citations omitted). A federal civil rights complaint that challenges prison conditions brought by a prisoner proceeding *in forma pauperis* "that repeats pending or previously litigated claims is properly dismissed without prejudice as malicious under the PLRA (Prisoner Litigation Reform Act)." *Id.*, at 548. In fact, a prisoner civil rights complaint "need only be *substantially* similar to previous or pending claims for a court to dismiss as malicious." *Id.* (emphasis original). "The PLRA extends a federal court's inherent power to dismiss as frivolous a duplicative complaint…because it permits a federal court to dismiss as malicious a substantially duplicative complaint[,]." *Id.*, at 549. Substantially duplicative complaints like the current complaint, when they are filed without good cause, "abuse the judicial process and may subject defendants to 'the vexation of concurrent litigation over the same subject matter.'" *Id.* (internal citation omitted).

This Court concludes that the current complaint will be dismissed without prejudice because it is duplicative of Plaintiff's complaint in Case No. 4:26-cv-13698, in that the allegations in this case are substantially similar to the claims raised in Plaintiff's prior case and involve the same defendants. *Sanders v. Washington*, 582 F. Supp. 3d at 550. For the same reasons the Court concludes that Plaintiff's

complaint is properly dismissed as duplicative, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. The Court therefore refuses to certify that any appeal would be undertaken in good faith. *Sanders v. Washington*, 582 F. Supp. 3d at 553.

## V. ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE** for being duplicative of Plaintiff's pending action in *Jones v. Peeks, et. al.,* 4:26-cv-13698 (E.D. Mich.). This Court certifies that any appeal by Plaintiff would be frivolous and not in good faith.

**SO ORDERED.**

Dated: November 5, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge